## Case No. 916.

### BANK OF THE UNITED STATES v. DEVEAUX et al.

[1 Hall, Law J. 263.]

Circuit Court, D. Georgia. May Term, 1808. [1]

FEDERAL COURTS—JURISDICTION—CORPORATIONS— BANK OF THE UNITED STATES.

1. The president, directors and company of the bank of the United States, although citizens of the state of Pennsylvania, cannot communicate their right of suing to a corporate body of which they are exclusively members, so as to maintain action in the circuit court of Georgia.

[See note at end of case.]

2. The constitution takes no notice of corporate bodies in enumerating the cases in which the circuit courts have jurisdiction upon circumstances of the persons. Const. U. S. art. 3, § 2.

[See note at end of case.]

[3. Act Feb. 25, 1791, (1 Stat. 191, c. 10,) incorporating the first Bank of the United States, does not confer the right to sue in federal courts.]

[See note at end of case.]

[4. With the exception of imposts or duties on exports and imports, the several states retain all rights of taxing individual property held within their respective jurisdictions, including that of the Bank of the United States.]

[See note at end of case.]

At law. This was an action brought by the president, directors and company of the Bank of the United States (established, as they averred, under an act of congress, entitled, an act to incorporate the subscribers to the Bank of the United States, passed the 26th of February, 1791, [1 Stat. 191, c. 10,]) [against Peter Deveaux, tax collector, and Thomas Robertson, sheriff] for the purpose of trying the right of the state of Georgia to impose a tax on the branch of the said bank established at Savannah. [Heard on demurrer to plea to the jurisdiction. Demurrer overruled. Judgment for defendants. This was afterwards reversed by the supreme court in Bank of U. S. v. Deveaux, 5 Cranch, (9 U. S.) 61. See note at end of case.]

Woodruff & Harris, for plaintiffs.
Leake, Sol. Gen.
Mitchell & Bullock, for defendants.

Before JOHNSON, [Circuit Justice,] and STEPHENS, [District Judge.]

PER CURIAM. The action in this case is trespass. The defendants plead to the jurisdiction of this court, the plaintiffs demur generally, and the case presents, for the consideration of the court, the single question of jurisdiction.

It is incumbent on the plaintiffs to give jurisdiction to this court by proper averments on the record; that jurisdiction must be founded on circumstances of the persons, parties to the action or circumstances of the case. The averments intended to give jurisdiction are, "that the president, directors and company are the citizens of the

[1] [Reversed in 5 Cranch, (9 U. S.) 61.]

state of Pennsylvania, and that the bank was incorporated or established by a law of the United States." Upon the first of these averments it is to be observed, that this action must be instituted by the plaintiffs either in their individual or corporate capacity. In the former, it could not be maintained, or if at all, they must have sued by their baptismal names. In the latter, the individual is so totally sunk in their corporate state of existence, that though it were true in fact, that the president, directors and company were all citizens of the state of Pennsylvania, still they could not communicate their right of suing in this court to the corporate body of which they are members. The constitution takes no notice of corporate bodies in enumerating the cases in which this court shall exercise jurisdiction upon circumstances of the persons. A corporation cannot with propriety be denominated a citizen of any state, so that the right to sue in this court under the constitution can only be extended to corporate bodies by a liberality of construction, which we do not feel ourselves at liberty to exercise. As a suit in right of a corporation can never be maintained by the individuals who compose it, either in their individual capacity or by their individual names, how is the citizenship of the individuals of the corporate body ever to be brought into question by the pleadings? With regard to the jurisdiction of this court, as founded upon circumstances of the action, it is necessary, in order to vest that jurisdiction, that the case should be brought within the description of actions arising under the constitution or laws of the United States. The general principle is, that the states retain all the powers of sovereignty, not expressly relinquished to the United States. The states have relinquished the right of taxing individual property held within their jurisdiction, under no possible circumstance, except where such a tax may come within the description of imposts or duties on exports and imports.

There is no question raised under the constitution; neither is it a question arising under the laws of the United States. No privilege or right created by the laws of congress is violated. The legal validity of the bank charter is not denied, nor any difference of opinion entertained of its effects. The act incorporating the bank contains no clause exempting the property of the bank from taxation, neither the construction nor constitutionality of any law of congress, arising under the law of the state of Georgia, in which we can see no clashing or interference with the laws or constitution of the United States. Counsel have argued, that it is a case arising under the laws and constitution of the United States, because we must look into the constitution and bank charter, to determine the question of jurisdiction; but if this prove any thing,

it proves a great deal too much. For it would go to give this court jurisdiction in every possible case whatever. There would exist the same necessity of looking into the constitution and laws of the United States, in a case between citizen and citizen of the same state, or in the most ordinary question of state jurisdiction.

It is true, that this view of the subject may expose this valuable institution to some embarrassment; and it is to be regretted, that it cannot be better guarded, but it is to be hoped, that a just and temperate idea of the true policy of the individual states, with its real and extensive importance to the union, will always afford it ample protection; and if their rights are violated, the state courts are open to them.

It is also true, that there have been cases before the supreme court, in which corporate bodies were parties, that have undergone the review of that court, without any notice being taken of this question; but the answer is, that there were no pleas to the jurisdiction in those cases, and any objections that may have been raised upon the face of the record appear to have escaped the attention of the court and counsel. We are happy in understanding that this decision is to be reviewed in the supreme court; its importance in every point of view entitles it to the notice of the highest court in which it can be considered. Plea to jurisdiction sustained, demurrer overruled, and judgment for defendants.

### [NOTE.

[This judgment was reversed by the supreme court in Bank of U. S. v. Deveaux, 5 Cranch, (9 U. S.) 61. Mr. Chief Justice Marshall, in delivering the opinion, said:

["The plaintiffs contend that the incorporating act confers this jurisdiction. That act creates the corporation, gives it a capacity to make contracts and to acquire property, and enables it 'to sue and be sued, plead and be impleaded, answer and be answered, defend and be defended, in courts of record or any other place whatsoever.' This power, if not incident to a corporation, is conferred by every incorporating act. * * * The court, then, is of the opinion, that no right is conferred on the bank, by the act of incorporation, to sue in the federal courts. * * *

["The jurisdiction of this court being limited, so far as respects the character of the parties in this particular case, 'to controversies between citizens of different states,' both parties must be citizens, to come within the description. * * * A corporation aggregate is certainly not a citizen; and consequently cannot sue or be sued in the courts of the United States, unless the rights of the members, in this respect, can be exercised in their corporate name. * * * Substantially and essentially, the parties, in such a case, where the members of the corporation are aliens, or citizens of a different state from the opposite party, come within the spirit and terms of the jurisdiction conferred by the constitution on the national tribunals. * * * If, then, the congress of the United States had, in terms, enacted that incorporated aliens might sue a citizen, or that the incorporated citizens of one state might sue a citizen of another state, in the federal courts, by its corporate name,

this court would not have felt itself justified in declaring that such a law transcended the constitution. * * * If a corporation may sue in the courts of the Union, the court is of opinion that the averment in this case is sufficient. Being authorized to sue in their corporate name, they could make the averment, and it must apply to the plaintiffs as individuals, because it could not be true as applied to the corporation."

[FEDERAL CORPORATIONS—RIGHT TO SUE IN FEDERAL COURTS.

[In Osborn v. Bank of U. S., 9 Wheat. (22 U. S.) 738, the decision of the supreme court in the principal case was cited by counsel to show that federal courts had no jurisdiction of suits against the second Bank of the United States. The act of congress incorporating this institution provided that it should have power to sue and be sued in state courts, and in any circuit court of the United States. The supreme court, per Mr. Chief Justice Marshall, held that the incorporating act was a law of the United States, so that the judicial power granted to the United States by the constitution extended to cases arising thereunder, and that the clause conferring such jurisdiction on federal circuit courts was a valid exercise of that power, and applied to all cases in which the bank was a party. The power has been exercised from time to time by congress in respect to particular corporations or classes of corporations. Federal circuit courts now have jurisdiction of all suits by or against a corporation created by congress by virtue of Act March 3, 1875, § 2, (18 Stat. 470,) as suits "arising under the laws of the United States." Union Pac. R. Co. v. Myers, (Pacific Railroad Removal Cases,) 115 U. S. 1, 5 Sup. Ct. 1113.

[FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF CORPORATIONS.

[The decision of the supreme court reversing the judgment in the principal case might be strictly construed as holding that a corporation whereof all the members were citizens of Pennsylvania could sue a citizen of Georgia in a federal court. But the language of Mr. Chief Justice Marshall was construed to mean that federal jurisdiction did not exist unless diversity of citizenship existed as between the defendant and all the members of the corporation. This construction was generally acquiesced in by the circuit courts, and followed by the supreme court in Commercial Bank of Vicksburg v. Slocomb, 14 Pet. (39 U. S.) 60. It was, however, overruled in Louisville, etc., R. Co. v. Letson, 2 How. (43 U. S.) 497. That was a suit by a citizen of New York against a corporation created by the laws of South Carolina, but two of the members were citizens of North Carolina. The jurisdiction rested on the clause of the judiciary act of September 24, 1789, (1 Stat. 73,) conferring it when the suit is between a citizen of the state where it is brought and a citizen of another state. The jurisdiction was held to exist under that act and under Act Feb. 28, 1839, conferring on circuit courts jurisdiction of cases where there are several defendants, some of whom are not found within the district where the suit is brought. The court also took the broader ground that a corporation "is, substantially, within the meaning of the law, a citizen of the state which created it, and where its business is done, for all the purposes of suing and being sued." The members of a corporation suing in its corporate name are now, for purposes of jurisdiction, conclusively presumed to be citizens of the state which created it. National S. S. Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58.

[FEDERAL CORPORATIONS—TAXATION BY STATES.

[The remarks of the learned justice in the principal case, concerning the right of a state to tax the property of the Bank of the United States, should be taken with the limitation that this power of the state cannot be exercised to harass or control the lawful action of a corporation constitutionally created by congress. M'Culloch v. Maryland, 4 Wheat. (17 U. S.) 316. In that case a peculiarly burdensome tax laid by the state of Maryland upon banks not incorporated by the state legislature was declared unconstitutional and inoperative with respect to a branch of the second Bank of the United States, doing business in that state.]